FILED
CLERK, U.S. DISTRICT COURT

MAR 21 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed ✓
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE EDISON INTERNATIONAL DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 2:19-cv-00651<br><br>[PROPOSED] ORDER GRANTING STIPULATION TO STAY ACTION |

PURSUANT TO STIPUATION AND GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

1. This action shall be stayed until entry of an order denying (in whole or in part) or granting with prejudice a motion to dismiss the action captioned *Barnes v. Edison International et al.*, No. 2:18-cv-09690-CBM (C.D. Cal.) ("Wildfire Securities Action").

2. Any party to this action shall have the right to lift the stay upon providing 30 days' prior written notice to all other parties via their counsel of record.

3. The parties shall meet and confer and shall submit to the Court a proposed scheduling order within 30 days after the expiration or lifting of the stay.

-1-
[PROPOSED] ORDER GRANTING STIPULATION TO STAY ACTION

4. So long as the stay of this action is in effect, Defendants and Southern California Edison and Edison International (together, "Edison") shall provide Plaintiffs in this action with copies of all discovery (if any) produced to the plaintiffs in the Wildfire Securities Action, or to the plaintiffs in the actions pending in the Los Angeles Superior Court captioned *Wilson v. Pizarro et al.*, No. BC711673, and *Willis Trust v. Pizarro et al.*, No. BC722112 ("State Derivative Actions"), or to the plaintiffs in any other related derivative action (including documents, written responses, and deposition transcripts), and all documents produced to any purported shareholder who makes a related books and records demand, within 5 business days of producing such discovery or documents. Defendants' and Edison's agreement to provide such copies is without prejudice to their ability to assert that such production is improper, premature, or otherwise inappropriate in the Wildfire Securities Action, the State Derivative Actions, any related derivative action, any related books and records demand matter, and/or this action. Defendants' and Edison's agreement to provide such copies is contingent upon Plaintiffs' agreement to be bound by any agreement or stipulation governing the treatment of confidential information on substantially identical terms as any such agreement or stipulation entered into by the parties in the Wildfire Securities Action, State Derivative Actions, any related derivative action, and/or any related books and records demand matter, provided, however, that the discovery may be used in this action consistent with such agreement or stipulation.

5. If any mediation or formal settlement meeting occurs to attempt to resolve the claims asserted in the Wildfire Securities Action, Defendants and Edison shall notify Plaintiffs of any such mediation or meeting reasonably in advance and shall use their best efforts to include Plaintiffs in such mediation or meeting

and if such best efforts fail shall mediate with Plaintiffs at or around the same time.

6. If any mediation or formal settlement meeting occurs to attempt to resolve the claims asserted in the State Derivative Actions or in any related derivative action, Defendants and Edison shall notify Plaintiffs of any such mediation or meeting reasonably in advance and shall include Plaintiffs in such mediation or meeting.

7. During the pendency of the stay, Plaintiffs may file an amended consolidated complaint, although Defendants need not answer, move or otherwise respond to any such amended consolidated complaint.

8. During the pendency of the stay, the parties shall promptly notify each other of the filing of related derivative actions once they become aware of them.

DATED: March 21, 2019

_____
The Hon. Stephen V. Wilson
United States District Judge